IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

KAHA F. NAGGEYE,                          Case No. 6:10-cv-1089-AA

      Plaintiff,                          OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social
Security,

      Defendant.
_____

James S. Coon
Swanson, Thomas & Coon
820 SW 2nd Ave., Ste. 200
Portland, OR 97204
    Attorney for plaintiff

S. Amanda Marshall
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902

Daphne Banay
Special Assistant U.S. Attorney
Social Security Administration
701 Fifth Ave., Ste. 2900 M/S 221A
Seattle, WA 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner denying plaintiff's application for Supplemental Security Income (SSI) benefits. The Commissioner concedes error and moves to remand the decision for further proceedings. For the reasons set forth below, the Commissioner's motion is granted, and the case is remanded for further administrative proceedings.

## BACKGROUND

Plaintiff protectively filed her application for SSI benefits on September 28, 2006, and it was denied initially and on reconsideration. Tr. 87-90, 92-93, 129-131. After requesting a hearing, plaintiff, her daughter and a vocational expert appeared and testified before an administrative law judge (ALJ) on July 8, 2009. Tr. 40-83. On August 5, 2009, the ALJ issued a decision finding that plaintiff was not disabled within the meaning of the Act. Tr. 9-20. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final agency decision. Tr. 1-5. Plaintiff now seeks judicial review. 42 U.S.C. § 405(g).

Plaintiff, a Somali refugee, was forty-nine years old at the time of the ALJ's decision in 2009. Tr. 129. Plaintiff has a "marginal" education, is unable to communicate in English, and has no past relevant work. Tr. 18. Plaintiff alleges disability due to post-traumatic stress disorder (PTSD), schizophrenia, and hypertension.

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to

2   - OPINION AND ORDER

establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, plaintiff must demonstrate an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).

A five-step sequential process exists for determining whether a person is disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 14; 20 C.F.R. § 416.920(b).

At step two, the ALJ found that plaintiff had severe impairments of hearing loss, PTSD, and psychosis, but that plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 14; Yuckert, 482 U.S. at 140-41; 20 C.F.R. § 416.920(c),(d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a reduced range of light, unskilled work but that plaintiff had no past relevant work. Tr. 18; 20 C.F.R. § 416.920(e),(f). Therefore, the inquiry proceeded to step five.

At step five, the burden shifts to the Commissioner to show that a claimant can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 416.920(g). Relying on vocational expert testimony, the ALJ found that plaintiff had the ability to perform production assembly and cannery jobs. Tr. 19.

3   - OPINION AND ORDER

Therefore, the ALJ found plaintiff not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff argues that the ALJ erroneously discredited the opinion of a treating physician, improperly rejected the lay witness testimony of plaintiff's daughter, failed to consider the statements of plaintiff's nurse practitioner, and applied an erroneous standard in considering plaintiff's credibility. The Commissioner concedes that the ALJ erred in his evaluation of plaintiff's credibility, the lay witness testimony, the physician's opinion and other medical evidence of record. Def.'s Brief at 6. However, the Commissioner contends that outstanding issues preclude a finding of disability and moves for remand of the case for further proceedings to properly evaluate plaintiff's credibility, the lay witness testimony, and the medical evidence of record. Plaintiff, on the other hand, argues that if such evidence is credited as true, she has established disability under the Act.

This Court has the discretion to reverse the Commissioner's decision with or without a remand for further administrative proceedings. 42 U.S.C. § 405(g); Harman v. Apfel, 211 F.3d 1172, 1177-78 (9th Cir. 2000). Remand is appropriate where further proceedings would resolve defects in the administrative proceedings. However, "remand for further proceedings is unnecessary if the record is fully developed and it is clear from the record that the ALJ would be required to award benefits." Holohan v. Massanari, 246 F.3d 1195, 1210 (9th Cir. 2001). Thus, where new proceedings would simply serve to delay the receipt of benefits and would not add to the existing findings, an award of

4   - OPINION AND ORDER

benefits is appropriate. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The Ninth Circuit has posited the following test for determining when an award of benefits is warranted:

(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Harman, 211 F.3d at 1178 (quoting Smolen v Chater, 80 F.3d 1273, 1292 (9th Cir. 1996)).

The Commissioner concedes that the ALJ failed to provide legally sufficient reasons for discrediting plaintiff's testimony, lay witness testimony from her daughter, and the opinion of a treating physician. Smolen, 80 F.3d at 1288-89; Dodrill v. Shalala, 12 F.3d 915, 919 (9th Cir. 1993) (ALJ must give reasons germane to each lay witness); see also Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (enunciating standard for evaluating opinions of medical providers). Thus, the first element is met.

However, I cannot find that no outstanding issues remain and that the record establishes disability if the evidence rejected is accepted as true. At the administrative hearing, the vocational expert testified that employment would be precluded if a claimant was absent for up to eight hours a week due to attention and concentration deficits. Tr. 81. While plaintiff's testimony, her daughter's testimony, and the opinion of plaintiff's treating physician and nurse practitioner establish deficits in plaintiff's concentration, attention, persistence, and/or pace, such evidence does not include specific functional limitations or restrictions to

create an unequivocal record of disability. See Harman, 211 F.3d at 1180 ("In cases where the testimony of the vocational expert has failed to address a claimant's limitations as established by improperly discredited evidence, we consistently have remanded for further proceedings rather than payment of benefits."). Moreover, it is not appropriate for this court to evaluate the evidence and determine that disability is established. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (district court cannot engage in independent fact-finding but is "constrained to review the reasons the ALJ asserts"). Thus, remand for further proceedings is required to evaluate plaintiff's credibility, lay witness testimony, and medical evidence in accordance with proper legal standards.

Additionally, the ALJ shall reconsider whether plaintiff establishes disability under the Medical-Vocational Guidelines (the grids). The grids correlate a claimant's age, education, previous work experience and RFC to direct a finding of either disabled or not disabled. 20 C.F.R. Pt. 404, Subpt. P, App. 2. An ALJ may rely on the grids if they accurately reflect a claimant's limitations; where a claimant suffers from nonexertional impairments, such as pain or postural limitations, the grids merely serve as a framework and vocational testimony is required. Tackett v. Apfel, 180 F.3d 1094, 1101-02 (9th Cir. 1999). Regardless, "where application of the grids directs a finding of disability, that finding must be accepted by the [Commissioner]." Cooper v. Sullivan, 880 F.2d 1152, 1157 (9th Cir. 1989).

In this case, plaintiff was forty-nine years old and considered a "younger" individual at the time of the ALJ's decision. Given her age of forty-nine, education, previous work

6  - OPINION AND ORDER

experience, and RFC of light work, the grids directed a finding of
"not disabled." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.16.[1]
Utilizing the grids as a framework, the ALJ obtained vocational
expert testimony in light of plaintiff's non-exertional
limitations.

However, if plaintiff had been fifty, her age would have been
"closely approaching advanced age" and, given her education, and
lack of English literacy and work experience, she would have been
"disabled" under the grids. Id. § 416.963(d); id. Pt. 404, Subpt.
P, App. 2, § 202.09; see also id. § 416.330 (SSI application
remains "in effect" from date of filing until final hearing
decision is made). According to the record, plaintiff was born on
January 1, 1960 and turned fifty years old on January 1, 2010, less
than five months after the ALJ's decision. Tr. 129.[2] Under
pertinent Social Security regulations:

> We will not apply the age categories mechanically in a
> borderline situation. If you are within a few days to a
> few months of reaching an older age category, and using
> the older age category would result in a determination or
> decision that you are disabled, we will consider whether
> to use the older age category after evaluating the
> overall impact of all the factors of your case.

---

[1]In finding plaintiff "not disabled" under the grids, the
ALJ applied § 202.17. Tr. 19. However, that provision applies to
claimants who are "at least literate and able to communicate in
English." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.17. By the
ALJ's own findings and hypothetical provided to the vocational
expert, plaintiff is not literate and cannot communicate in
English. Tr. 18, 80. Thus, § 202.16 applied to plaintiff when she
was forty-nine and § 202.09 would apply once she turned fifty.

[2]To the extent plaintiff's SSI application remains "in
effect" during judicial review, plaintiff has established
disability and is entitled to benefits as of January 1, 2010. See
Dixon v. Shalala, 54 F.3d 1019, 1039 (2d Cir. 1995) ("[I]f a
claim is before the court on judicial review, the application
remains in effect."); POMS § SI 00601.010(C)(2).

20 C.F.R § 416.963(b). Here, utilizing an older age category would have resulted in a determination of disability. Thus, to the extent relevant, the ALJ shall consider whether to utilize an older age category after evaluating the pertinent factors of plaintiff's case.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. For the reasons explained above, the Commissioner's Motion to Remand (doc. 31) is GRANTED, and the decision of the Commissioner is reversed and remanded for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated this **23rd** day of March, 2012.

Ann Aiken
United States District Judge

8   - OPINION AND ORDER